UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>CONAIR LLC,<br><br>*Defendant*. | 1:24-cv-5594<br><br>**CLASS-ACTION COMPLAINT** |

## INTRODUCTION

1. Plaintiff brings this action individually and intends to maintain it on behalf of all other persons who, during the statute-of-limitations period governing their respective claims set forth herein, purchased, through amazon.com, a DCC-3200 series coffee maker (a "Coffee Maker") (hereinafter, Plaintiff and the other persons described in this paragraph will be referred to collectively as the "Class," and each as a "Class Member").

## PARTIES

2. Plaintiff, Kevin McCabe ("McCabe"), is a natural person and a resident of the Eastern District of New York.

3. Defendant, Conair LLC ("Conair"), is a limited-liability company organized and existing under the laws of Delaware, and has a principal place of business in Stamford, Connecticut.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. Section 1332(d)(2).

5. There are at least one hundred Class Members.

6. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. Section 1391(b)(2).

8. This Court has personal jurisdiction over Conair under N.Y. C.P.L.R. Section 302(a)(1) because Conair submitted, pursuant to a contract between Conair and Amazon.com Services, Inc., or a subsidiary thereof ("Amazon"), a listing for the Coffee Maker (the "Coffee Maker Product Listing" or "Product Listing"), which, thereby, appeared in various formats of amazon.com and placed the Coffee Maker on sale throughout the United States, including New York, which resulted in McCabe's purchase, in New York, of the Coffee Maker and therefore caused McCabe's harm to occur in New York.

9. This Court has personal jurisdiction over Conair under N.Y. C.P.L.R. Section 302(a)(3)(i) because: (i) Conair, while outside of New York, submitted the Product Listing to Amazon, which resulted in McCabe's purchase, in New York, of the Coffee Maker and therefore caused McCabe's harm to occur in New York; and (ii) Conair derives substantial revenue from goods that are used in New York.

10. This Court has personal jurisdiction over Conair under N.Y. C.P.L.R. Section 302(a)(3)(ii) because: (i) Conair, while outside of New York, submitted the Product Listing to Amazon, which resulted in McCabe's purchase, in New York, of the Coffee Maker and therefore caused McCabe's harm to occur in New York; (ii) Conair expected, or should reasonably have expected, the Product Listing to have consequences in New York; and (iii) Conair derives substantial revenue from interstate and international commerce.

**FACTS**

11. At all relevant times, Conair has distributed the Coffee Maker through the Product Listing.

12. On June 23, 2024, McCabe, while in this District, accessed the Product Listing in the amazon.com smartphone application (the "Smartphone Listing") and thereupon purchased a Coffee

2

Maker; specifically, the "Cuisinart Coffee Maker, 14-Cup Glass Carafe, Fully Automatic for Brew Strength Control & 1-4 Cup Setting, Stainless Steel, DCC-3200P1."

13. Many Class Members, including many Reasonable Belief Class Members (as defined below), purchased their Coffee Maker through the Product Listing on the amazon.com desktop website or mobile website, each of which, with respect to the allegations set forth herein, were identical to the Smartphone Listing.

14. The Product Listing was geared toward personal, household use of the Coffee Maker, as reflected by the following statement in the Product Listing: "[the Coffee Maker] creat[es] a stylish addition to complement your kitchen appliances".

15. McCabe and the other Class Members purchased the Coffee Makers for their personal, household use.

16. The Class Members, prior to making their purchases, saw, in the Product Listing, the name of one or more versions of the Coffee Maker, each of which of which included " 14-Cup" in its title (the "Coffee Maker Title").

17. The term "14-Cup" in the Coffee Maker Title referred to the quantitative capacity of the Coffee Maker.

18. Based upon the common understanding of the word "cup" with respect to quantity, *i.e.*, an eight-fluid-ounce cup (a "Standard Cup"), McCabe and at least a significant portion of the Class reasonably believed, prior to and up to the point of their purchase of the Coffee Maker, that the "Cup" in "14-Cup" (the "Coffee Maker Cup") was a Standard Cup and that, therefore, the capacity of the Coffee Maker (the "Coffee Maker Capacity") was 14 Standard Cups (these Class Members will be referred to as the "Reasonable Belief Class Members").

19. McCabe and the Reasonable Belief Class Members were materially misled by the term "14-Cup" in the Coffee Maker Title.

3

20. Conair knew that a significant portion of the Class Members would be Reasonable Belief Class Members.

21. Conair intended that the Class Members would believe that the Coffee Maker Cups were Standard Cups and would rely upon that belief in deciding whether to purchase the Coffee Maker.

22. The Coffee Maker Capacity was approximately 72 fluid ounces or nine Standard Cups (the "Coffee Maker Capacity"), which is materially less 14 Standard Cups.

23. The Coffee Maker Capacity was based on five-fluid-ounce cups per coffee-cup marking on the Coffee Maker's carafe plus the amount of fluid that fit into the space above the 14-cup marking.

24. If the Product Listing had conspicuously and accurately represented the Coffee Maker Capacity, the price of the Coffee Maker would have been less than what it actually was, and, therefore, the Class Members would have paid that lower amount.

## CLASS ALLEGATIONS

25. McCabe brings this action individually, and intends to maintain this action, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), on behalf of all other persons who purchased the Coffee Maker through the Coffee Maker Product Listing.

26. There are thousands of persons who are similarly situated to McCabe and would therefore be Class Members.

27. Excluded from the Class are Conair, any subsidiary or affiliate of Conair, and the directors, officers, and employees of Conair or of their subsidiaries and affiliates.

28. McCabe's individual claims are, both factually and legally, typical of the putative claims of the other Class Members.

29. McCabe would fairly and adequately protect the interests of the other Class Members.

McCabe has no interests that are antagonistic to, or in conflict with, the other Class Members. Indeed, McCabe's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Class Members is impracticable, and because the damages suffered by most of the individual Class Members are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation make it impractical for Class Members to adequately address the wrongs complained of herein. McCabe knows of no impediments to the effective management of this action as a class action.

31. Common questions of law and fact predominate over questions that affect only individual Class Members. Among those questions are:

(i) whether the Coffee Maker Product Listing conspicuously and accurately represented the true quantitative capacity of the Coffee Maker;

(ii) whether a significant portion of the Class reasonably believed that the Coffee Maker Cup was a Standard Cup and that, therefore, the Coffee Maker Capacity was 14 Standard Cups;

(iii) whether the difference between a Coffee Maker Capacity of 14 Standard Cups and a Coffee Maker Capacity of approximately nine Standard Cups is material;

(iv) whether Conair intended that the Class Members would believe that the Coffee Maker Cups were Standard Cups;

(v) whether Conair knew that at least a significant portion of the Class Members would believe that the Coffee Maker Cups were Standard Cups;

(vi) whether Conair knew, and intended, that the Reasonable Belief Class Members would rely upon their belief regarding the Coffee Maker Capacity in deciding whether to purchase the Coffee Maker;

5

(vii) whether Conair knew that the Reasonable Belief Class Members would, based upon their belief regarding the Coffee Maker Capacity, be more likely to purchase a Coffee Maker than they would have been if they had known of the actual Coffee Maker Capacity; and

(viii) whether, if the Coffee Maker Product Listing had not conspicuously and accurately represented the Coffee Maker Capacity, the price of the Coffee Maker was higher than it would otherwise have been.

## CAUSES OF ACTION

32. With respect to each of the causes of action asserted below, McCabe repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "31" inclusive of this Complaint as if fully set forth herein

### ALABAMA DECEPTIVE TRADE PRACTICES ACT
### (Ala. Code §§ 8-19-1 - 8-19-15)

33. Conair violated the Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-1 - 8-19-15, with respect to those Class Members who, during the one-year period preceding the commencement of the instant lawsuit (the "Action") and through the resolution of this Action, were in Alabama when they purchased the Coffee Maker (the "Alabama Class Members"); specifically, Conair violated Ala. Code § 8-19-5(27).

34. The Alabama Class Members are entitled to statutory damages of $100 pursuant to Ala. Code § 8-19-10(a)(1).

35. The Alabama Class Members are entitled to reasonable legal fees pursuant to Ala. Code § 8-19-10(a)(3).

### ALASKA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION ACT
### (Alaska Stat. §§ 45.50.471 - 45.50.561)

36. Conair violated the Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45.50.471 - 45.50.561, with respect to those Class Members who, during the two-

year period preceding the commencement of this Action and through the resolution of this Action, were in Alaska when they purchased the Coffee Maker (the "Alaska Class Members"); specifically, Conair violated Alaska Stat. § 45.50.471(a) for the reasons stated in Alaska Stat. § 45.50.471(b)(11).

37. The Alaska Class Members are entitled to statutory damages of $500 pursuant to Alaska Stat. § 45.50.531(a).

38. The Alaska Class Members are entitled to reasonable legal fees pursuant to Alaska Stat. § 45.50.537(a).

### DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT
### (D.C. Code §§ 28-3901 - 3913)

39. Conair violated the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901 - 3913, with respect to those Class Members who, during the three-year period preceding the commencement of this Action and through the resolution of this Action, were in District of Columbia when they purchased the Coffee Maker (the "District of Columbia Class Members"); specifically, Conair violated D.C. Code §§ 28-3904(e).

40  The District of Columbia Class Members are entitled to statutory damages of $1,500 pursuant to D.C. Code § 28-3905(k)(1)(A).

41. The District of Columbia Class Members are entitled to reasonable legal fees pursuant to D.C. Code § 28-3905(k)(1)(B).

### HAWAII UNFAIR AND DECEPTIVE ACTS OR TRADE PRACTICES ACT
### (Haw. Rev. Stat. §§ 480-1 - 480-24)

42. Conair violated the Hawaii Unfair and Deceptive Acts or Trade Practices Act, Haw. Rev. Stat. §§ 480-1 - 480-24, with respect to those Class Members who, during the four-year period preceding the commencement of this Action and through the resolution of this Action, were in Hawaii when they purchased the Coffee Maker (the "Hawaii Class Members"); specifically, Conair violated

Haw. Rev. Stat. § 480-2(a).

43. The Hawaii Class Members are entitled to statutory damages of $1,000 pursuant to Haw. Rev. Stat. § 480-13(a)(1).

44. The Hawaii Class Members are entitled to reasonable legal fees pursuant to Haw. Rev. Stat. § 480-13(a)(1).

## IDAHO CONSUMER PROTECTION ACT
### (Idaho Code §§ 48-601 - 48-619)

45. Conair violated the Idaho Consumer Protection Act, Idaho Code §§ 48-601 - 48-619, with respect to those Class Members who, during the two-year period preceding the commencement of this Action and through the resolution of this Action, were in Idaho when they purchased the Coffee Maker (the "Idaho Class Members"); specifically, Conair violated Idaho Code 48-603(17).

46. The Idaho Class Members are entitled to statutory damages of $1,000 pursuant to Idaho Code 48-608(1).

47. The Idaho Class Members are entitled to reasonable legal fees pursuant to Idaho Code § 48-608(5).

## MASSACHUSETTS CONSUMER PROTECTION ACT
### (Mass. Gen. Laws Ch. 93A, §§ 1-11)

48. Conair violated the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ch. 93a, §§ 1-11, with respect to those Class Members who, during the four-year period preceding the commencement of this Action and through the resolution of this Action, were in Massachusetts when they purchased the Coffee Maker (the "Massachusetts Class Members"); specifically, Conair violated Mass. Gen. Laws Ch. 93A, § 2(a).

49. The Massachusetts Class Members are entitled to statutory damages of $25 pursuant to Mass. Gen. Laws Ch. 93A, § 9(3), or, if the Court finds that Conair's violation of Mass. Gen. Laws Ch. 93A, § 2(a) was willful or knowing, statutory damages of $50 to $75 pursuant to Mass.

8

Gen. Laws Ch. 93A, § 9(3).

50. The Massachusetts Class Members are entitled to reasonable legal fees pursuant to Mass. Gen. Laws Ch. 93A, § 9(4).

## NEW HAMPSHIRE CONSUMER PROTECTION ACT
### (N.H. Rev. Stat. Ann. §§ 358-A:1 - 358-A:13)

51. Conair violated the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. §§ 358-A:1 - 358-A:13, with respect to those Class Members who, during the three-year period preceding the commencement of this Action and through the resolution of this Action, were in New Hampshire when they purchased the Coffee Maker (the "New Hampshire Class Members"); specifically, Conair violated N.H. Rev. Stat. Ann. § 358-A:2.

52. The New Hampshire Class Members are entitled to statutory damages of $1,000 pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I).

53. The New Hampshire Class Members are entitled to reasonable legal fees pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I).

## NEW MEXICO UNFAIR PRACTICES ACT
### (N.M. Stat. Ann. §§ 57-12-1- 57-12-26)

54. Conair violated the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1-57-12-26, with respect to those Class Members who, during the four-year period preceding the commencement of this Action and through the resolution of this Action, were in New Mexico when they purchased the Coffee Maker (the "New Mexico Class Members"); specifically, Conair violated N.M. Stat. Ann. § 57-12-3.

55. The New Mexico Class Members are entitled to statutory damages of $100 pursuant to N.M. Stat. Ann. § 57-12-10(B).

56. The New Mexico Class Members are entitled to reasonable legal fees pursuant to N.M. Stat. Ann. § 57-12-10(C).

## NEW YORK CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES ACT
## (N.Y. Gen. Bus. Law §§ 349 - 350-f-1)

57. Conair violated the New York Consumer Protection from Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349 - 350-f-1, with respect to those Class Members who, during the three-year period preceding the commencement of this Action and through the resolution of this Action, were in New York when they purchased the Coffee Maker (the "New York Class Members"); specifically, Conair violated N.Y. Gen. Bus. Law §§ 349(a) and 350.

58. The New York Class Members are entitled to statutory damages of $50 pursuant to N.Y. Gen. Bus. Law § 349(h) and statutory damages $500 pursuant to N.Y. Gen. Bus. Law § 350-e(3)

59. The New York Class Members are entitled to seek reasonable legal fees pursuant to N.Y. Gen. Bus. Law §§ 349(h) and 350-e(3).

## OREGON UNLAWFUL TRADE PRACTICES ACT
## (Ore. Rev. Stat. §§ 646.605 - 646.700)

60. Conair violated the Oregon Unlawful Trade Practices Act, Ore. Rev. Stat. §§ 646.605 - 646.700, with respect to those Class Members who, during the one-year period preceding the commencement of this Action and through the resolution of this Action, were in Oregon when they purchased the Coffee Maker (the "Oregon Class Members"); specifically, Conair violated Ore. Rev. Stat. § 646.608(1)(u).

61. The Oregon Class Members are entitled to statutory damages of $200 pursuant to Ore. Rev. Stat. § 646.638(1).

62. The Oregon Class Members are entitled to reasonable legal fees pursuant to Ore. Rev. Stat. § 646.638(3).

[continued on next page]

## RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT
### (R.I. Gen. Laws §§ 6-13.1-1 - 6-13.1-30)

63. Conair violated the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1 - 6-13.1-30, with respect to those Class Members who, during the three-year period preceding the commencement of this Action and through the resolution of this Action, were in Rhode Island when they purchased the Coffee Maker (the "Rhode Island Class Members"); specifically, Conair violated R.I. Gen. Laws § 6-13.1-2.

64. The Rhode Island Class Members are entitled to statutory damages of $200 pursuant to R.I. Gen. Laws § 6-13.1-5(2)(a).

65. The Rhode Island Class Members are entitled to seek reasonable legal fees pursuant to R.I. Gen. Laws § 6-13.1-5.2(d).

## UTAH CONSUMER SALES PRACTICES ACT
### (Utah Code Ann. §§ 13-11-1 - 13-11-23)

66. Conair violated the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1 - 13-11-23, with respect to those Class Members who, during the two-year period preceding the commencement of this Action and through the resolution of this Action, were in Utah when they purchased the Coffee Maker (the "Utah Class Members"); specifically, Conair violated Utah Code Ann. §§ 13-11-4(1).

67. The Utah Class Members are entitled to statutory damages of $2,000 pursuant to Utah Code Ann. § 13-11-19(2).

68. The Utah Class Members are entitled to reasonable legal fees pursuant to Utah Code Ann. § 13-11-19(5)(b).

**[continued on next page]**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

(a) Awarding, to Plaintiff and the other Class Members, the relief available under the Class Members' respective causes of action set forth herein; and

(b) Awarding, to Plaintiff and the other Class Members, such other and further relief as the Court finds lawful and proper.

Dated: August 9, 2024

                                        Respectfully submitted,

                                        *s/ Todd C. Bank*
                                        TODD C. BANK,
                                          ATTORNEY AT LAW, P.C.
                                        119-40 Union Turnpike
                                        Fourth Floor
                                        Kew Gardens, New York 11415
                                        (718) 520-7125
                                        By Todd C. Bank

                                        *Counsel to Plaintiff*