UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
KEVIN MCCABE, individually and on behalf of
all others similarly situated,

                                    Plaintiff,

          -against-

CONAIR LLC,

                                 Defendant.
-------------------------------------------------------------- x

**ORDER**

24 Civ. 5594 (RER) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff's motion to compel compliance with a subpoena issued to non-party Amazon.com, Inc. ("Amazon"), and for sanctions against Amazon, or Amazon's counsel, for the alleged non-compliance, at ECF No. 28 is denied.

Pursuant to Federal Rule of Civil Procedure 45, every subpoena must, inter alia, "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). Federal Rule of Civil Procedure 45(c) requires, as to both depositions of non-parties and productions of documents, electronically stored information, or tangible things, that the place of compliance be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A); Fed. R. Civ. P. 45(c)(2)(A). Subpoenas that fail to list a physical place of compliance fail to comply with Federal Rule of Civil Procedure 45(a)(1)(A)(iii) and are facially void. See Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc., No. 21 Civ. 1197 (W) (MDD), 2022 WL 2820667, at *1, *7-8 (S.D. Cal. July 18, 2022) (considering the plaintiff's motion for an order to show cause as

to why the subpoenaed non-party should not be held in contempt for failure to comply with a subpoena ad testificandum; noting that the subpoena listed the place of compliance for the deposition as "VIA ZOOM VIDEO CONFERENCING: Link to be provided at a later date"; reasoning that "[a] valid subpoena must list a specific place of compliance, pursuant to Rule 45(a)(1)(A)(iii)," which must "be a physical place subject to geographical limits and capable of being measured according to mileage," the importance of which "is borne out in this case, where the absence of such details renders the resolution difficult at best, and simply not possible here"; holding that "[a] ZOOM VIDEO CONFERENCE . . . is not a place"; and rejecting the plaintiff's argument that "there is no requirement to appear physically when a deposition occurs virtually," as, "absent agreement between the parties, a deposition may be conducted remotely only by court order" (citations, quotations & footnote omitted)); Frobe v. UPMC St. Margaret, No. 2:20 Civ. 957 (CRE), 2021 WL 9628848, at *1 (W.D.Pa. July 13, 2021) (considering the plaintiffs' motion to compel the non-party's compliance with a subpoena ad testificandum and the non-party's motion to quash the subpoena; noting that the subpoena listed the place of compliance for the deposition as "Zoom Videoconferencing"; and concluding that "Zoom Videoconferencing is not a place" but rather "is a method of taking the deposition," such that the plaintiffs were required "to modify the subpoena to have the place of the deposition changed so it is taken at a location within 100 miles of [the non-party's] . . . home or place of employment" (citations, quotations & footnote omitted)); CSS, Inc. v. Herrington, 354 F. Supp. 3d 702, 704-05, 710-11 (N.D. Tex. 2017) (considering the plaintiff's motion to quash non-party subpoenas duces tecum and for a protective order, in which the non-parties joined; noting that the subpoenas required the non-parties to produce documents "to Stephen D. Annand, Esq./E-mail: sda@ramlaw.com c/o Mark E. Golman, Strasburger Attorneys at Law[,] 901 Main Street, Suite 6000, Dallax, TX 75202";

2

concluding that "an email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means"; and holding that the place of compliance was the physical address listed on the subpoenas (citations & quotations omitted)).

Here, Plaintiff's subpoena to Amazon does not list a place of compliance in accordance with Federal Rule of Civil Procedure 45(a)(1)(A)(iii) but, rather, simply lists that the location is a place "[t]o be [d]etermined." ECF No. [28] at 6. The subpoena is therefore facially void in relation to the subpoenaed deposition and production. The Court agrees with the reasoning of the above-cited cases, particularly Fed. Ins. Co., 2022 WL 2820667.

The Court notes that Plaintiff's failure to include a geographical location for the deposition and production presents the additional challenge of identifying the District that has jurisdiction over the motion. See Fed. R. Civ. P. 37(a)(2) (requiring a motion to compel compliance with a subpoena to "be made in the court where the discovery is or will be taken"); Fed. R. Civ. P. 45(d)(2)(B)(i) (stating, that, if a non-party objects to the production of documents or tangible things or the allowance of an inspection pursuant to a subpoena, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection"); Peoples Bank SB v. Reliable Fast Cash, LLC, No. 18 Misc. 2249 (JBW) (VMS), 2018 WL 11587010, at *1 (stating that "[s]ubpoena-related motions and applications are to be made to the court where compliance is required"; concluding that, because "[t]he [s]ubpoena designated Newark, New Jersey as the place of production, . . . the District of New Jersey [was] the district where compliance [wa]s required, and the only district in which a motion related to the [s]ubpoena should [have] be[en] brought"; and reasoning that the Eastern District of New York lacked jurisdiction to resolve the

3

motion (citations & quotations omitted)); United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016) (reasoning that, in relation to "a subpoena seeking documents, electronically stored information, or tangible things . . . , if a motion to compel is necessary, the motion must be made in the court for the district where compliance is required" and holding that, where the subpoenaed non-party neither objected to nor responded to the subpoena, the subpoenaing parties' remedy was to file a motion to compel "in the district where compliance was required" (quoting Fed. R. Civ. P. 45(d)(2)(B)(i) & Fed. R. Civ. P. 37(a)(2)) (citation omitted)).  As the only Court identified on the subpoena was the Eastern District of New York, the Court accepted jurisdiction of the motion.

  For the foregoing reasons, Plaintiff's motion is denied.

Dated: Brooklyn, New York
   September 18, 2025

                *Vera M. Scanlon*
                VERA M. SCANLON
                United States Magistrate Judge